William C. Bollard, Bar No. 105489
*william@jbblaw.com*
JULANDER, BROWN & BOLLARD
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Charles Quinn
*cquinn@grahamcurtin.com*
Ethan R. Fitzpatrick
*efitzpatrick@grahamcurtin.com*
GRAHAM CURTIN, P. A.
4 Headquarters Plaza
Morristown, New Jersey 07962-1991
Telephone: (973) 292-1700

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **COMARCO WIRELESS TECHNOLOGIES, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BEST BUY STORES, L.P.**, a Virginia limited partnership; and **BESTBUY.COM, LLC**, a Virginia limited liability company,<br><br>Defendant. | Case No. SACV15-00256 CJC (DFMx)<br><br>[~~PROPOSED~~] **AMENDED STIPULATED PROTECTIVE ORDER** |

1. **PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

2. **DESIGNATING PROTECTED MATERIAL**

**Over-Designation Prohibited**.  Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated.  Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator.  Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.1. Manner and Timing of Designations.** Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**2.1.1.** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.1.2.** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator

shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.2. Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## 4. ACCESS TO DESIGNATED MATERIAL

**4.1. Basic Principles.** A receiving party may use designated material only for this litigation and any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2. Secure Storage, No Export.** Designated material must be stored and maintained by a receiving party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, designated material may not be exported outside the United States or released to any foreign national (even if within the United States).

**4.3.  Disclosure of CONFIDENTIAL Material**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.3.1.** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.3.2.** Not more than three (3) officers, directors, or employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.3.3.** Experts or consultants, and their staff, retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, provided that (a) such expert or consultant has signed the Agreement to Be Bound (Exhibit A); (b) such expert or consultant is not a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or of a competitor of a party; and (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction.

**4.3.4.** The Court and its personnel;

**4.3.5.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.3.6.** Mock jurors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.3.7.** Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

**4.3.8.** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A);

**4.3.9.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

**4.3.10.** Any other person with the prior written consent of the designator.

**4.4. Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE only to:

**4.4.1.** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.4.2.** Experts or consultants, and their staff. retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, provided that (a) such expert or consultant has signed the Agreement to Be Bound (Exhibit A); (b) such expert or consultant is not a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or of a competitor of a party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 4.5 below.

**4.4.3.** The Court and its personnel;

**4.4.4.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.4.5.** Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

**4.4.6.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

**4.4.7.** Any other person with the prior written consent of the designator.

**4.5. Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material to Experts.** Unless agreed to in writing by the designator:

**4.5.1.** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be

available to meet and confer with the designator regarding any such confidentiality obligations.

     **4.5.2.** A party that makes a request and provides the information specified in 4.5.1 above may disclose the designated material to the identified expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection. If an objection is made, no designated materials may be provided to the expert until the objection is resolved or withdrawn.

     **4.5.3.** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

## 5. SOURCE CODE

     **5.1. Designation of Source Code.** If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code. "Source code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

     **5.2. Location and Supervision of Inspection.** Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times. The designator may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

     **5.3. Notice of Inspection.** Before the first inspection of any requested source code, the receiving party shall provide thirty (30) days notice of the source

code that it wishes to inspect. The receiving party shall provide fourteen (14) days notice before any additional inspections.

**5.4.  Inspection Provisions.** Source designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the designator:

**5.4.1.** All source code shall be made available by the designator to the inspecting party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The designator shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the designator's business.  The inspecting party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (a) the inspecting party possesses an appropriate license to such software tools; (b) the designator approves such software tools; and (c) such other software tools are reasonably necessary for the inspecting party to perform its review of the source code consistent with all of the protections herein.  The inspecting party must provide the designator with the CD or DVD containing such licensed software tool(s) at least twenty-one (21) days before the date on which the inspecting party wishes to have the additional software tools available for use on the Source Code Computer

**5.4.2.** No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment,

1  cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code
2  Review Room.
3      **5.4.3.** The inspecting party's outside counsel and/or experts shall be
4  entitled to take notes relating to the source code but may not copy the source code
5  into the notes and may not take such notes electronically on the Source Code
6  Computer itself or any other computer.
7      **5.4.4**. No copies of all or any portion of the source code may leave the
8  Source Code Review Room except as otherwise provided herein.  Further, no other
9  written or electronic record of the source code is permitted except as otherwise
10  provided herein.
11      **5.5.**    **Paper Copies of Source Code.**
12      **5.5.1.** The inspecting party may request paper copies of limited portions
13  of source code that are reasonably necessary for the preparation of court filings,
14  pleadings, expert reports, other papers, or for deposition or trial.  In particular, the
15  inspecting party shall not request printed paper copies of source code to review
16  source code elsewhere in the first instance, i.e., as an alternative to reviewing that
17  source code electronically on the Source Code Computer, as the parties acknowledge
18  and agree that the purpose of the protections herein would be frustrated by printing
19  portions of source code for review and analysis elsewhere.  The inspecting party may
20  request printed copies of no more than 100 pages total.  The designator shall provide
21  all such source code in paper form, including production numbers and the label
22  "HIGHLY CONFIDENTIAL – SOURCE CODE," within five (5) days of the
23  inspecting party making the request, unless the designator objects that the printed
24  portions are excessive and/or not done for a permitted purpose.  If, after meeting and
25  conferring, the designator and the inspecting party cannot resolve the objection, the
26  inspecting party may seek a Court resolution of whether the printed source code in
27  question is narrowly tailored and was printed for a permitted purpose.
28

**5.5.2.** Other than as provided above, the inspecting party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device. The inspecting party will not transmit any source code in any way from the inspecting party's facilities or the offices of its outside counsel of record.

**5.5.3.** The inspecting party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the source code received from a designator, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one (1) day's advance notice to the inspecting party by the designator, the inspecting party shall provide a copy of this log to the designator.

**5.5.4.** The inspecting party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use. No more than a total of ten (10) individuals identified by the inspecting party shall have access to the printed portions of source code (except insofar as such code appears in any court filing or expert report).

**5.5.5.** For depositions, the inspecting party shall not bring copies of any printed source code. The Receiving Party of Source Code shall notify the Producing Party at least ten (10) days before the date of the deposition that the Receiving Party intends to use Source Code at the deposition, in which case the Producing Party shall arrange to bring the Source Code Computer to the deposition. The Receiving Party's outside counsel is entitled to bring to the deposition one work copy of any printed

11
**[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER**

1  Source Code to reference at the deposition, and the work copy shall remain in outside
2  counsel's possession at all times.

3      **5.6.**   Except as provided herein, absent express written permission from the
4  designator, the inspecting party may not create electronic images, or any other
5  images, or make electronic copies, of the source code from any paper copy of source
6  code for use in any manner (including by way of example only, the inspecting party
7  may not scan the source code to a PDF or photograph the code).  Images or copies of
8  source code shall not be included in correspondence between the parties (references
9  to production numbers shall be used instead), and shall be omitted from pleadings
10 and other papers whenever possible.  If a party reasonably believes that it needs to
11 submit a portion of source code as part of a filing with the Court, the parties shall
12 meet and confer as to how to make such a filing while protecting the confidentiality
13 of the source code and such source code will not be filed absent agreement from the
14 designator that the confidentiality protections will be adequate.  If a designator
15 agrees to produce an electronic copy of all or any portion of its source code or
16 provide written permission to the inspecting party that an electronic or any other
17 copy needs to be made for a Court filing, access to the inspecting party's submission,
18 communication, and/or disclosure of electronic files or other materials containing
19 any portion of source code (paper or electronic) shall at all times be limited solely to
20 individuals who are expressly authorized to view source code under the provisions of
21 this Order.  Where the designator has provided the express written permission
22 required under this provision for a inspecting party to create electronic copies of
23 source code, the inspecting party shall maintain a log of all such electronic copies of
24 any portion of source code in its possession or in the possession of its retained
25 consultants, including the names of the reviewers and/or recipients of any such
26 electronic copies, and the locations and manner in which the electronic copies are
27 stored.  Additionally, any such electronic copies must be labeled "HIGHLY
28 CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

# 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**6.1. Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2. Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

**6.2.1.** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**6.2.2.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**6.2.3.** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**6.3. Wait for Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

13
[~~PROPOSED~~] AMENDED STIPULATED PROTECTIVE ORDER

## 7. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 8. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## 9. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a *receiving party's* request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving

party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 10. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

## 11. MISCELLANEOUS

**11.1. Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

**11.2. Termination of Matter and Retention of Jurisdiction.** The parties agree that the terms of this Protective Order shall survive and remain in effect after the final determination of the above-captioned matter. The Court shall retain jurisdiction after final determination of this matter to hear and resolve any disputes arising out of this Protective Order.

**11.3. Successors.** This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**11.4. Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

**11.5. Burdens of Proof.** Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular discovery material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

**11.6. Modification by the Court.** This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The United States District Court for Central District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning designated material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

**11.7. Discovery Rules Remain Unchanged.** Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central District of California,

1 or the Court's own orders.  Identification of any individual pursuant to this Protective
2 Order does not make that individual available for deposition or any other form of
3 discovery outside of the restrictions and procedures of the Federal Rules of Civil
4 Procedure, the Local Rules for the United States District Court for the Central
5 District of California, or the Court's own orders.

7 IT IS SO ORDERED.

9 Dated:  November 4, 2015            _____
                                     DOUGLAS F. McCORMICK
                                     United States  Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Comarco Wireless Technologies, Inc. v. Best Buy Stores L.P., et al.*, USDC Central District of California, SACV 15-00256-CJC-RNB.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
    [printed name]

Signature: _____
    [signature]